**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000420
27-JUN-2025
07:52 AM
Dkt. 78 SO**

NO. CAAP-23-0000420

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v. SUNHUI YIN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3DCW-22-0001561)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Presiding Judge, McCullen and Guidry, JJ.)

This appeal challenges a conviction for Harassment in violation of Hawaii Revised Statutes (**HRS**) § 711-1106(1)(a).[1]  We affirm.

---

[1]    HRS § 711-1106(1)(a) (2014) provides that a defendant "commits the offense of harassment if, with intent to harass, annoy, or alarm any other person," the defendant "[s]trikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]"

Defendant-Appellant Sunhui Yin (**Yin**) appeals from the June 8, 2023 Judgment and Notice of Entry of Judgment (**Judgment**), entered by the District Court of the Third Circuit (**District Court**)[2] in favor of Plaintiff-Appellee State of Hawaiʻi (**State**).

On appeal, Yin contends there was insufficient evidence "to support the conclusion that Yin slapped [the complainant, Sang H. Turner (**Turner**),] with the conscious object of harassing, annoying, or alarming Turner."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Yin's point of error as follows.

This case involves a physical altercation that occurred on March 31, 2021, where Yin slapped Turner with an open hand on the left side of her face outside of a bar, Club Korea. During the bench trial, the District Court entered State's Exhibit 3, a CCTV surveillance video of the slap. The parties do not contest the District Court's findings as to what the video showed. Turner and Yin gave conflicting testimony about what occurred.

Turner and Yin were previously acquainted as friends, and Turner had previously stayed in Yin's condo for about two months while working at Yin's bar. After Turner quit working for Yin, Turner testified that her friendship with Yin changed.

Turner testified that before the slap outside the bar occurred, while they were still inside the bar, Yin attempted to "embarrass" Turner by "making a racial remark" about Turner's daughter, stating that Turner had a "black baby"; Yin

---

[2]     The Honorable Kimberly Taniyama presided.

"threatened" Turner, stating "Do you wanna [sic] die?"; and Yin called Turner a "slut" and "whore" and "tried to strike" Turner, but Turner blocked the hit by grabbing Yin's wrist.  Later that evening, when Turner encountered Yin outside Club Korea, Yin slapped Turner on the face "really hard[,]" causing Turner to see "some stars."

Yin testified that she had no conversations with Turner while inside Club Korea, and denied making the remarks alleged by Turner.  Yin also denied attempting to hit Turner while they were inside of Club Korea; however, Yin testified that Turner struck Yin on the head with a soju bottle.  When Yin encountered Turner outside, Yin testified that Yin felt "threatened" and "scared" when Turner pointed a finger at her.  Yin told Turner to "[a]pologize to [her]."  When Turner did not apologize, Yin testified that she slapped Turner in self-defense.

The District Court found Turner's testimony of the slap credible, rejected Yin's claim of self-defense, and found Yin guilty of Harassment, as follows:

> We have the video. The video shows that [Yin] . . . slapped [Turner], and [Turner] testified that when she got hit she saw stars. It was really hard.
>
> And in the video you can see that she slapped hard enough that she has to -- like she loses her balance and she moves backwards a couple of steps. She got hit pretty hard according to the video. She reels back a little bit. So it wasn't just a light tap. It was a slap.
>
> And then again [Yin] testified that when they were outside and having a conversation she told [Turner] to apologize, and [Turner] did not apologize and so she slapped her.
>
> That's not self-defense. That's her [(Yin)] being irritated that somebody did something to her that she didn't like, and she thought she deserved an apology and she didn't get it and she was upset. That's not self-defense. So I'm gonna [sic] find that the State has proved beyond a reasonable doubt this charge of harassment.

> Any -- any allegation that there was, uh, by -- by [Yin] there was a need to defend herself or whatnot, that was sufficiently rebutted by her own testimony when she said she asked for an apology. She didn't get it and, "So I slapped her." That's not self-defense. <u>That's rather retaliatory actually and aggressive</u>.
>
> <u>So I'm gonna [sic] find her guilty</u>.

(Emphases added.) Yin timely appealed the Judgment.

"[E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction[.]" <u>State v. Kalaola</u>, 124 Hawai'i 43, 49, 237 P.3d 1109, 1115 (2010) (citation omitted).

Yin argues "there was no substantial evidence" of the required state of mind that Yin slapped Turner with the "conscious object of harassing, annoying, or alarming Turner." While Yin concedes she slapped Turner and "was practically certain" of Turner's alarm, Yin claims she did not intend to harass, annoy, or alarm Turner and only intended for Turner "to suffer physical pain."

Here, the record reflects that the District Court found Turner's testimony credible. <u>See</u> <u>State v. Mattiello</u>, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) ("It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." (cleaned up)). Turner testified that prior to the slap, Yin "threatened" her, called Turner a "slut" and "whore," and attempted to hit her; and later when Yin slapped Turner outside of Club Korea, Turner saw "stars" from the impact. Yin also admitted in her testimony that she slapped Turner because Turner did not apologize to her. The District Court referenced the video as showing Yin slapping Turner, causing Turner to move backward a couple of steps.

4

Viewing the evidence in "the strongest light for the prosecution," Kalaola, 124 Hawaiʻi at 49, 237 P.3d at 1115, there was substantial evidence Yin acted with the requisite intent to harass, annoy, or alarm, when she slapped Turner.  See State v. Narvaez, No. CAAP-20-0000461, 2022 WL 2078174, at *1-2 (Haw. App. June 9, 2022) (SDO) (substantial evidence of intent to harass complainant when defendant entered complainant's house, threatened to "beat the fuck out" of the complainant, and struck complainant).

For the foregoing reasons, we affirm the June 8, 2023 Judgment entered by the District Court of the Third Circuit.

DATED:  Honolulu, Hawaiʻi, June 27, 2025.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender
for Defendant-Appellant.

Nathan A. Wersal,
Deputy Prosecuting Attorney
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge